**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Bradley J. Morales, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL WITHOUT** |
| | ) | **PREJUDICE** |
| vs. | ) | |
| | ) | |
| State of North Dakota, | ) | Case No. 1:20-cv-137 |
| | ) | |
| Respondent. | ) | |

Petitioner Bradley J. Morales ("Morales") is a pretrial detainee.  He initiated the above-captioned action on July 31, 2020, by filing an application to proceed in forma pauperis, which the court granted, a petition for habeas corpus under 28 U.S.C. § 2254, and motion to compel production of his trial transcripts.  See Doc. Nos. 1, 2, 4, and 6.  August 7, 2020, he filed notice of his consent to the Magistrate Judge's exercise of jurisdiction.  See Doc. No. 7.

For the reasons discussed below, I will dismiss Morales's petition without prejudice and deem  his motion to compel moot.

## I.   BACKGROUND

A jury convicted Morales of murder.  See Doc. No. 4.  The state district court entered a criminal judgment against Morales in September 2018.  See id.  On direct appeal, the North Dakota Supreme Court reversed the judgment and remanded for a new trial.  See id.; see also State v. Morales, 2019 ND 206. 932 N.W.2d 106.  The state district court has scheduled a new trial for Morales on January 25, 2021.[1]

---

[1]  This information is publicly available/accessible on the North Dakota Supreme Court's website.

Although he had prevailed on direct appeal, Morales filed an application for post-conviction relief in state district court pursuant to N.D.C.C. § 29-32.1-01.  He asserted the following grounds for relief:

> Denial of effective assistance of counsel on Direct Appeal. Denial of effective assistance of counsel during trial on May 17-24, 2018.  Conviction obtained by a violation of protection against double jeopardy. Conviction obtained by the failure of prosecution to disclose evidence favorable to the defendant.  Prosecution knowing use of perjured testimony.  Evidence exist[s] that the defendant is actually innocent. Conviction obtained in violation of defendant's Fifth Amendment right to self-incrimination.

Doc. No. 4.  The state district court dismissed his petition.  Id.  Its decision was affirmed on appeal. Id.; see also Morales v. State, 2020 ND 117 ¶ 5,  943 N.W.2d 761 ("Morales acknowledges his criminal judgment was reversed and remanded, but maintains he received ineffective assistance of counsel during his criminal trial. At this point, because the judgment was reversed and remanded, and a new trial has not occurred, Morales has not been convicted of a crime. As a matter of law, Morales is not entitled to post-conviction relief as he does not meet the requirements of N.D.C.C. § 29-32.1-01. The district court did not err in dismissing the application.").

On July 31, 2020, Morales filed what is styled as a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody with this court.  Doc. No.4.  He asserts, in relevant part, the following grounds for relief:

Ground One: Denial of effective assistance of counsel on direct appeal.

* * *

Ground Two: Denial of effective assistance of counsel at trial on May 17-24, 2018

* * *

Ground Three: Conviction obtained by a violation of the protection against double jeopardy.

2

Supporting Facts: I made a timely motion for mistrial during trial on May 23, 2018, see trial transcripts pages 322-328, due to collusion and intentional misconduct involving my trial counsel and the prosecution that I discovered serendipitously during trial. Because I was goaded into moving for a mistrial by a course of intentional misconduct double jeopardy precludes another trial. My misconduct and collusion were never properly ruled on during trial.

* * *

Ground Four: Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

* * *

Ground Five: Conviction obtained by the prosecutions' known use of perjured testimony.

* * *

Ground Six: Conviction obtained while evidence exist that the Defendant is actually innocent.

(Doc. No. 4).

## II.   **DISCUSSION**

Section 2254 confers jurisdiction on a district court to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition."

As noted above, Morales' judgment of conviction was reversed and his case was remanded for retrial. The import of this is that Morales is not presently in custody pursuant to a state court judgment. Morales's status is that of a pretrial detainee. Consequently, his habeas petition is

properly considered under 28 U.S.C. § 2241, not § 2254.

Morales is proceeding pro se.  It is accepted that a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  Johnston v. Artis, No. CIV.A. 13-6947 NLH, 2013 WL 6095877, at *1 (D.N.J. Nov. 19, 2013).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); See 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

Such appears to be the case here.  The North Dakota Supreme Court decided Morales's direct appeal in his favor, reversing and remanding for a new trial.  The most this court could do with respect to Grounds One, Two, Four, Five, and Six of Morales's petition is to grant him the same relief he has already obtained in his state court appeal.  Thus, these grounds are moot.

With respect to Ground Three, it does not appear from the face of the petition that Morales is entitled to relief.  Morales asserts that he was goaded or provoked into moving for a mistrial and, as a consequence, his retrial is barred by the Double Jeopardy Clause.  If Morales indeed moved for a mistrial, it is clear that he was unsuccessful.  The trial judge did not declare a mistrial and his case went to the jury.  Morales acknowledges as much in his petition.  Thus, this is not an instance where Morales was deprived of his valued right to complete his trial.  See Oregon v. Kennedy, 456 U.S. 667, 679 (1982) ("Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second

trial after having *succeeded in aborting the first on his own motion* . . . . We do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the *successful motion for a mistrial* was intended to provoke the defendant into moving for a mistrial." (emphasis added)); <u>Wassall v. Ryan</u>, 705 F.2d 970, 971 (8th Cir. 1983) (opining that retrial may be barred where the conduct giving rise to the *successful motion* for a mistrial was intended to provoke the defendant into moving for a mistrial).

## III.   <u>CONCLUSION</u>

Morales's habeas petition (Doc. No. 4) is **DISMISSED WITHOUT PREJUDICE**. Morales's motion to compel production of his trial transcripts (Doc. No.2) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2020.

*/s/ Clare R. Hochhlater*
Clare R. Hochhlater, Magistrate Judge
United States District Court